REDMANN, Chief Judge.
Defendant appeals his conviction for receiving a stolen thing as unsupported by the evidence and his 20-year sentence as a third offender as excessive.
Defendant argues that the evidence does not establish “circumstances which indicate that the offender knew or had good reason to believe,” La.R.S. 14:69, that the motorcycle he received was stolen. The circumstances established include that the ignition lock had been pulled out and an ordinary toggle switch installed to operate this less than five months old motorcycle. In our judgment this circumstance distinguishes this case from State v. Ennis, 414 So.2d 661 (La.1982), which defendant argues is factually similar and controlling. Moreover, if the jury believed defendant’s testimony on what he paid for the motorcycle, then an additional inculpatory circumstance is that defendant paid only $700 plus the front end of a nine-year-old Camaro for a motorcycle which (though its ignition and transmission were now badly damaged) had cost over $5,000 less than five months earlier. A rational trier of fact could reasonably conclude that that or those circumstances constitute “proof beyond a reasonable doubt,” State v. Camp, 446 So.2d 1207 (La.1984), that defendant knew or should have known the motorcycle was stolen. (Other circumstances include the motorcycle’s having been spray painted and having no license plate and defendant’s not having obtained a certificate of title or even correct bill of sale.) We therefore affirm the conviction.
We also affirm the sentence, notwithstanding that 20 years is the maximum sentence permissible under R.S. 15:529.1 A(2)(a) for a third offense punishable on first offense by a maximum of ten years (and $3,000 fine, R.S. 14:69 B(1)). Defendant testified that he had been convicted of three felonies in the five years prior to this offense, and § 529.1 A(3)(a) makes 20 years the minimum for a fourth offender. We cannot hold that the trial judge’s 20-year sentence is excessive, unless we are to hold § 529.1 A(3)(a) unconstitutional (and perhaps also question § 529.1 A(1) for allowing up to 20 years for a second offense).
Affirmed.