KLEES, Judge.
On May 18, 1987, the defendant Michael Goins was charged with possession of stolen property valued at least $500.00. At his trial on August 6th, 1987, a six-member jury found him guilty as charged and he was sentenced August 14th to serve eight years at hard labor. On January 18, 1988 defendant was found to be a multiple offender, his original sentence was vacated, and he was sentenced to serve twelve years at hard labor.

FACTS:

On the evening of April 16, 1987, Officers Wilson and Pollard were patrolling near the St. Thomas Project. They observed a car approaching them with its bright lights on. The officers flashed their lights to signal the driver to dim his, but the bright lights remained on. The car passed the officers, and they decided to follow it. A check of the N.C.I.C. computer revealed that the car had been stolen earlier that day. The officers eventually stopped the car at the corner of Chippewa Street and Jackson Avenue. They arrested the sole occupant of the car, the defendant Michael Goins. The car had a broken passenger window and a broken steering column, and papers and broken glass were strewn about the car.
Deborah Gaffney, the owner of the car, testified that she last saw the car earlier that day when she parked it at her place of employment. She testified that the car, a 1986 Cutlass Ciera, had been purchased in February of 1986, and she had no doubt that the car was worth over $500.00. She testified she did not know Goins and had not given him permission to drive the car.
Michael Goins testified that on the evening of his arrest he was standing on Jackson Avenue drinking a soft drink when he saw the Cutlass stop. He testified he saw two juveniles jump out of the car and run toward the St. Thomas Project. He testified that the officers then arrived on the scene and asked him where the juveniles had gone. When he replied he did not know, the officers threatened to arrest him for the possession of the car. When he still proclaimed his ignorance of the juvenile’s whereabouts, the officers then arrested him. He admitted having two prior convictions for possession with the intent to distribute PCP.
On rebuttal, Pollard maintained that he and his partner never lost sight of the Cutlass during the chase. He insisted that Goins was found inside the car when it was stopped, and that Goins was the only occupant of the car.

Errors Patent

A review of the record for errors patent reveals there are none.

Assignment of. Error

By his sole assignment of error, the appellant contends that the trial court erred by refusing the defense request for jury instructions as to the lesser included verdicts to the crime charged. The appellant was charged with and convicted of illegal possession of stolen property valued at least $500.00. R.S. 14:69 provides different grades for the offense of illegal possession of stolen things based upon the value of the stolen property possessed, with lesser penalties attached to lesser values of the stolen property. The verdict sheet submitted to the jury listed merely: “(1) Guilty as charged; (2) guilty of attempted possession of stolen property; and (3) not guilty.” At trial, the court charged the jury only as to the crime as charged, the attempt crime as charged, and not guilty. The defense objected, asking for responsive verdicts allowing the jury to make a determination as to value. After some deliberation, the defense attorney stated:
Just let me put on the record, Judge, that the Defense position is that in the instance where the defendant is charged with possession of stolen property with the value of over $500.00, this charge is tantamount to being identical to that of theft. And there should be two additional responsive verdicts. One should be *1266 possession of stolen property into the amount of “blank” dollars. And the other responsive verdict should be attempt possession of stolen property [sic] or stolen things in the amount of “blank” dollars.
The court then overruled the objection, refusing to give the requested responsive verdicts.
C.Cr.P. arts. 814 and 815 set forth responsive verdicts to charged crimes. Art. 814 lists particular responsive verdicts which must be given for specified crimes. Art. 815 provides that in all cases not listed in art. 814, the proper responsive verdicts are: “(1) Guilty; (2) Guilty of a lesser and included grade of the offense even though the offense is a felony, and the lesser offense is a misdemeanor; or (3) Not Guilty.” Because R.S. 14:69 is not one of the specified crimes listed in art. 814, the provisions of art. 815 apply. The appellant argues that because the penalty for a conviction of illegal possessions of property with a value under $500.00 carries a lesser penalty, a conviction for a lesser grade of R.S. 14:69 would be a responsive verdict for the greater grade of the offense with which he was charged. The appellant argues that because all the essential elements of the crime of illegal possession of stolen things valued under $500.00 are also the essential elements of illegal possession of stolen things valued at least $500.00., the lesser grade of the offense should be a responsive verdict to the crime charged. State v. Dufore, 424 So.2d 256 (La.1982).
It appears that the appellant is correct in his contention that these responsive verdicts should have been given. The State concedes this argument. Accordingly, appellant’s conviction is reversed, the sentence vacated, and the case remanded to the trial court for retrial.
REVERSED AND REMANDED.