567 So.2d 180 (1990)
STATE of Louisiana
v.
Steven L. ELIE.
No. 89-KA-1818.
Court of Appeal of Louisiana, Fourth Circuit.
August 31, 1990.
Writ Denied November 26, 1990.
John F. Rowley, Dist. Atty., Walker H. Drake, Jr., Asst. Dist. Atty., Chalmette, for state.
Jack Ciolino, Metairie, for defendant/appellant.
Before GARRISON, BARRY and PLOTKIN, JJ.
PLOTKIN, Judge.
The appellant, Steven L. Elie, was charged with possession of stolen goods valued at more than $500. He pled not guilty, waived his right to a jury trial, and was found guilty as charged by the court. He was sentenced to two years at hard labor, suspended, and was placed on two years active probation.
On March 8, 1988, Hi-Road Auto Sound Electronics was burglarized. On April 2, Joseph Achee was arrested relative to the burglary. He was later convicted of possession of property stolen in the burglary. Based upon information obtained from Achee, the police obtained a search warrant to search the home and car of Steven Elie. Audio components, valued at approximately $4000, were found and seized in Elie's home and car. Elie surrendered to the police when he arrived home later that night.
Elie contends on appeal that there was insufficient evidence to prove one element of the crime of possession of stolen property: knowledge that the property was stolen. The statute delineates four elements of the crime of possession of stolen things: (1) intentional possessing, procuring, receiving, or concealing of (2) anything of value (3) which has been the subject of a robbery or theft, and (4) "under circumstances which indicate that the offender *181 knew or had good reason to believe that the thing was" stolen. LSA-R.S. 14:69(A). State v. Walker, 350 So.2d 176, 177 (La. 1977); State v. Wilson, 544 So.2d 1300, 1301-02 (La.App. 4 Cir.1989).
This court has stated that:
In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier or fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987). Where the conviction is based upon circumstantial evidence, R.S. 15:438 provides that such evidence must exclude every reasonable hypothesis of innocence. State v. Langford, 483 So.2d 979 (La.1986).
State v. Heck, 560 So.2d 611, 614-15 (La. App. 4 Cir.1990).
In this case the prosecution presented two witnesses: Perry McMinamin, the owner of the electronics store which was burglarized, and Officer Kaufman, who executed the search warrant. The victim testified that the property seized by police was stolen from his store and that it was worth more than $500. The officer testified that he had seized stolen electronics components from the home and car of the defendant. The prosecution introduced three photographs of the stolen merchandise. The victim identified the objects in the photographs as merchandise which had been returned to him by the police after the burglary. However, he stated that he had no personal knowledge as to where the objects had come from. Officer Kaufman testified that all three photographs depicted items seized from the defendant or from Achee. The third photograph also included an item seized from the car of another person. This item was circled by the officer. The return of the search warrant demonstrates which items were seized from the defendant. This evidence is sufficient to prove the first three elements of the crime: that the defendant had in his possession property of value that had been stolen.
There were two witnesses for the defense: Joseph Achee and Kathy Montelardo. Achee testified that he had asked Elie to hold the property for him because he was having problems at home and at work and could not keep the property himself. He stated that he had never told Elie that the property was stolen, that Elie never asked where he had obtained the property, that he never paid Elie anything to keep the property for him, and that Elie knew nothing about the status of the property. Ms. Montelardo, Achee's girlfriend, testified that Achee had also asked her to keep two boxes of stolen property for him, but that she had no knowledge that the property in the boxes was stolen.
"Mere possession of stolen property does not create a presumption that the defendant knew or had good reason to believe that the property was stolen." State v. Wilson, supra at 1302, citing State v. Walker, supra at 178. "Mere suspicion, not rising to the level of certainty required to form a belief, is not enough." State v. Ennis, 414 So.2d 661, 663 (La.1982). In Ennis, there were concrete facts in the record which supported the defendant's lack of knowledge that the car in question had been stolen. The state did not meet its burden of proof that the defendant had knowledge. In the instant case, there are no facts in the record which would support any reasonable hypothesis of the defendant's innocence.
In this case, the police seized twenty stereo components from the defendant. Most of these were in the original boxes. The defendant had installed a number of stereo components in his car. The relationship between the defendant and Achee was so casual that it is unrealistic to suppose that Elie could simply have been an innocent bailee. There is no evidence in the record that Achee claimed any legitimate reason for having so many stereo components in his possession. Therefore, this Court does not find any reasonable hypothesis that the defendant may be innocent. For the above and foregoing reasons the *182 conviction and sentence of Stephen Elie are affirmed.
AFFIRMED