572 So.2d 762 (1990)
STATE of Louisiana
v.
Alex ARMSTEAD.
No. 89-KA-1849.
Court of Appeal of Louisiana, Fourth Circuit.
December 20, 1990.
*763 Harry F. Connick, Dist. Atty., Kim K. McElwee, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Before SCHOTT, C.J., and BARRY and WARD, JJ.
BARRY, Judge.
The defendant was convicted of illegal possession of stolen property valued between $100 and $500, La.R.S. 14:69(B)(2), and sentenced to two years in Parish Prison. He was resentenced as a second offender under La.R.S. 15:529.1 to three years at hard labor without eligibility for good time credit.

FACTS
The police received a call that a black male in a brown jacket was stripping a tan vehicle in a driveway at 3600 St. Bernard Ave. Officers Dukes and Rodriguez responded and found a tan Buick stripped of its tires. The defendant was in a white Pontiac parked behind the stripped vehicle. When the defendant saw the police car, he backed out of the driveway and attempted to drive away. The officers put a spotlight on the Pontiac and noticed that the defendant matched the description of the reported thief and that the Pontiac was full of tires. The police car blocked the street so the defendant backed his car down the street for approximately a block and a half before leaving the car. He ran into the hallway of a nearby apartment building where he surrendered to the police. Four tires and rims were found in the back seat and trunk of the Pontiac.
The Buick had been stolen from Rudolph Valentino the day before. Mr. Valentino was called to the scene and identified the tires and rims as belonging to his vehicle. At trial he testified that the tires were purchased for approximately $70 each a year and a half before the car was stolen. There was no testimony on the value of the rims. Photographs of the tires and rims were introduced into evidence.

ERRORS PATENT
Our review of the record for errors patent reveals that the defendant was not arraigned. A failure to arraign is waived if the defendant does not object prior to trial. La.C.Cr.P. Art. 555. The defendant did not object and the error is harmless. State v. Ellzey, 496 So.2d 1090 (La.App. 4th Cir.1986).

ASSIGNMENT NO. 1
The defendant argues that the State failed to prove beyond a reasonable doubt that the stolen property was worth $100 or more. He claims that the lesser offense of misdemeanor possession of stolen property should apply.
Our standard of review is to determine whether the evidence, when viewed in the light most favorable to the prosecution, is sufficient for a rational trier of fact to conclude that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The owner of the stolen property testified that he purchased the four tires for approximately $280 eighteen months before the theft. Photographs were introduced into evidence and the trial judge concluded that the tires and rims were worth $100 or more.
Considering these facts in the light most favorable to the prosecution, any rational trier of fact could have found that the value of the stolen property equaled or exceeded $100. See State v. Bell, 544 So.2d 32 (La.App. 4th Cir.1989).
This assignment of error has no merit.

*764 ASSIGNMENT NO. 2
The defendant submits that the trial judge erred by failing to question the defendant as to his waiver of his right to a jury trial. The transcript shows that the trial judge fully advised the defendant of his right to a jury trial and the defendant personally elected to waive that right.
This assignment has no merit.

ASSIGNMENT NO. 3
The defendant contends that the trial court erred by denying eligibility for good time. The State agrees. Neither R.S. 14:69 nor R.S. 15:529.1 prohibits good time eligibility. Eligibility for good time is determined by the Department of Corrections pursuant to La.R.S. 15:571.3. The sentencing court lacks the authority to award or deny good time. State v. Marisco, 538 So.2d 748 (La.App. 5th Cir.1989); State v. Melancon, 536 So.2d 430 (La.App. 4th Cir.1988).
The defendant's conviction is affirmed. The sentence is amended to delete the denial of good time eligibility, and as amended, is affirmed.
CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED.