ARMSTRONG, Judge.
The defendant, Nathan Coleman, was charged by bill of information with theft of U.S. property valued at more than $500.00. Following a trial by jury he was found guilty of theft of property valued at more than $100.00, but less than $500.00. He was sentenced to twenty-three months at hard labor with credit for time served and to pay $159.00 in court costs or serve thirty days in jail in default of payment. It is from this conviction and sentence that the defense has appealed.
The record reflects that Ed Scanlon, the owner of Chick-Fil-A, a fast food restaurant in the New Orleans Centre, hired the defendant as one of the managers of Chick-Fil-A. During February 1990, the defendant requested to work the night shift. As a result, he was responsible for closing up. Employees who worked under the defendant’s supervision at the restaurant, Doria Morris, Lawrence Rollins, Susan Washington and Michelle Eugene, testified that during February 1990, the defendant told them not to record sales made on the cash register. When a sale was made and the customer gave these employees money to pay for the purchase, the defen *845 dant told them to take the money from the customer, then open the cash register with a key, rather than pressing the “amount tendered” character, which would have recorded the sale and automatically opened the register.
Each of these employees followed defendant’s instructions, placing the money from the unrecorded sales in the register. None of these employees actually saw the defendant take money out of the store for his own use. However, at the end of the night, the employees turned the money over to the defendant who then counted it and went alone to the back of the store with it where he was supposed to put it in a bank.
In February, Ed Scanlon suspected that some type of theft was occurring in the restaurant. He set up a camera in the restaurant to monitor sales activity. He made a videotape of the sales activity on the night of February 20, 1990. He then compared the number of sales recorded on the videotape to the number of sales recorded on the register. Only two sales were recorded on the register. One was for $4.09. Another was for $3.67. However, the videotape indicated that a number of other sales were actually made. The average sales at night was $150.00-$200.00.
To further support its case against the defendant, Scanlon testified that in February, based upon the profit and loss statements for the restaurant, the cost to replace food was 34.44% of the total amount of revenues collected in sales, a 7% increase since January. These additional food costs totalled $2,700.00. This fact further supported the conclusion that not all the sales were being recorded. As a result of his investigation, Scanlon confronted the defendant who admitted that he had taken some money, and offered to make restitution. He failed to do so, however, resulting in the institution of these criminal charges.
The defendant testified in his own defense. He denied that he took any money from the restaurant.
The defense contends that the trial court erred in requiring the defendant to serve time in jail if he failed to pay court costs because the defendant is indigent. A review of the record reveals that the defendant is in fact indigent. He was represented by a court-appointed attorney throughout the proceedings. It is unconstitutional to require an indigent defendant to serve additional jail time for failure to pay costs. State v. Moncriffe, 522 So.2d 1187 (La.App. 4th Cir.1988). Thus that portion of the sentence requiring the defendant to serve additional jail time for failure to pay court costs should be deleted.
ASSIGNMENT OF ERROR
The defense at first appears to assert a general claim that insufficient evidence was presented by the State to support a conviction. However, at the end of its argument it concedes that, considering the evidence presented in the light most favorable to the State, the State did in fact prove that “some theft” occurred. It then argues that the State failed to prove that the amount of the theft was over $100.00.
In this case the defendant was charged with theft of U.S. currency in that amount of $500.00 or more. He was convicted of theft of more than $100.00, but less that $500.00.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987). In addition, when circumstantial evidence partly forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1983). The elements must be proven such that every reasonable hypothesis of innocence is excluded. R.S. 15:438. R.S. 15:438 is not a sepa *846 rate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, supra.
In this case, the record is sufficient to prove that the amount stolen was more than $100.00. Doria Morris testified that she failed to record between $500.00 and $600.00 in sales at defendant’s instruction. Mr. Scanlon testified that the average nightly sales were between $150.00 and $200.00. On the night of February 20, 1990 numerous sales were made that were not recorded on the cash register. It cost Mr. Scanlon a greater percentage of the total revenue in February to replace what was sold. These facts support a conclusion beyond a reasonable doubt that the money stolen exceeded $100.00.
For the foregoing reasons the defendant’s conviction is affirmed but his sentence is amended to delete that portion which imposes thirty additional days in default of the payment of $159.00 in court costs.
AFFIRMED AND AMENDED.