598 So.2d 1265 (1992)
STATE of Louisiana
v.
Johnny R. WILLIAMS.
No. 91-KA-0676.
Court of Appeal of Louisiana, Fourth Circuit.
April 30, 1992.
Rehearing Denied June 17, 1992.
*1266 Harry F. Connick, Dist. Atty. of Orleans Parish, Jack Peebles, Asst. Dist. Atty. of Orleans Parish, New Orleans, for State.
Archie B. Creech, New Orleans, for defendant/appellant.
Before PLOTKIN, JONES and WALTZER, JJ.
PLOTKIN, Judge.
Defendant Johnny Williams was charged with possession of stolen property valued at $500 or more, a violation of LSA-R.S. 14:69. He was found guilty and sentenced as a second felony offender to six years at hard labor with credit for time served. Court costs were waived.
The single issue raised by the defendant is that the State presented insufficient evidence to prove beyond a reasonable doubt that the value of the stolen property was $500 or more at the time it was stolen.
On September 10, 1990 at about 6:30 p.m., Debbie Koski drove to the Esplanade Mall in her parents' 1980 Cadillac, an Eldorado Baritz, and parked near Mervyn's Store. When she returned to the parking lot about 9:30 p.m., the car was not there. She and her parents reported that the car had been stolen to the police later that night.
On September 13, 1990, Officer Nydes received a call at about 7:30 p.m. that a car had been stolen from the 8100 block of Jeannette Street. He went to investigate and took a description of the alleged stolen vehicle, which was a 1989 silver Cadillac. He resumed his patrol of the area, looking for the stolen car.
While he was riding down Hickory Street approaching Hamilton Street, Officer Nydes saw a silver Cadillac with no license plate being driven down the street. Suspecting that the car might be the one stolen from Jeannette Street, Officer Nydes put on his blue light and followed the car. When the car failed to stop at a stop sign, the officer stopped the car and ordered its two occupants to get out.
The defendant exited the driver's side. The officer asked the defendant who owned the car. The defendant initially said that his uncle owned it. The officer observed that the car was still running and noticed that there was no key in the ignition. He asked the defendant again who owned the car. This time, the defendant said that he had bought the car for $20. The officer then ran the VIN number of the car through the computer and discovered that the car was the one stolen from the Esplanade Mall two days earlier. Thus, he arrested the defendant.
Mary Petty, Debbie Koski's mother and the owner of the car, testified at trial, saying that she was called by the police after they recovered the car. She identified it as belonging to her. She said that she had bought the car in 1980 for $25,200.00.
In assessing a claim for insufficiency of the evidence, the standard of appellate review is whether, viewing the facts in the light most favorable to the prosecution, any rational trier of fact could have found that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
In this case, the defendant was convicted of violating LSA-R.S. 14:69, possession of stolen property valued at $500 or more. Because value is an essential element of the crime charged, the State must present evidence of the value of the stolen property. State v. Bell, 544 So.2d 32 (La. App. 4th Cir.1989).
In this case, the only evidence presented by the State concerning the value of the stolen car was the testimony of Mary Petty, the car owner, who testified that she had purchased the 1982 Cadillac car in 1980 for $25,200. She also indicated that she had some unspecified maintenance problems with the car and that she intended to trade it in. When the car was recovered, it had a dent on the left front side and a hole in the steering column.
*1267 The State failed to introduce any photographs, estimates, original bill of sale or testimony to indicate the value of the car at the time of the theft. Thus, the State presented no trustworthy evidence of any kind to indicate the car's worth.
The State points out that the cases cited by the defendant involved property "other than an automobile," apparently asking this court to fashion a rule requiring a different type of proof depending on the type of property stolen. We decline to do so. The important issue is the quality of the evidence presented. Courts traditionally require that the value of stolen property be proved through the introduction of something more than the testimony of the owner, such as photographs, direct evidence, receipts, or the objects themselves. See State v. Coleman, 590 So.2d 844 (La. App. 4th Cir.1991) (direct evidence); State v. Williams, 580 So.2d 448 (La.App. 5th Cir.1991) (price tags); State v. Armstead, 572 So.2d 762 (La.App. 4th Cir.1990) (photographs); State v. Elie, 567 So.2d 180 (La. App. 4th Cir.1990) (photographs); State v. Madison, 535 So.2d 1024 (La.App.2d Cir. 1988) (photographs); State v. Valery, 532 So.2d 536 (La.App. 1st Cir.1988) (photographs); State v. Dominick, 506 So.2d 193 (La.App. 5th Cir.1987) (photographs).
When the degree of the crime is based on the value of the property stolen, the State must present more than the self-serving testimony of the owner of the property to meet its burden of proof on this issue. The State failed to present reliable evidence of the value of the property in this case.
A review of the record in the instant case revealed no errors patent.
Viewing the evidence in the light most favorable to the prosecution, we find that no reasonable trier of fact could conclude that the State proved the value of the stolen property beyond a reasonable doubt. Accordingly, the defendant's conviction is reversed.
REVERSED.