605 So.2d 650 (1992)
STATE of Louisiana
v.
Rockie L. HOSKIN.
No. 91-KA-0700.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 1992.
*651 Harry F. Connick, Dist. Atty., Val M. Solino, Asst. Dist. Atty., New Orleans, for appellee.
Henry P. Julien, Jr., Julien & Julien, New Orleans, for appellant.
Before KLEES, PLOTKIN and LANDRIEU, JJ.
PLOTKIN, Judge.
Defendant Rockie Hoskin appeals his conviction of illegal possession of stolen things valued at more than $500 in violation of LSA-R.S. 14:69. After reviewing the record and considering his claims, we affirm.

FACTS:
On July 23rd, 1990, at approximately 7:15 p.m. a white 1984 Chevrolet Monte Carlo jumped a curb and collided with a utility pole near the corner of Audubon Street and Fountainbleau Drive in New Orleans. Joseph Rosato, an Audubon Street resident, heard the collision from inside his home. A friend called the police while Rosato went outside to see if anyone needed help. Once outside, Rosato saw what had happened.
At trial, Rosato testified that he witnessed the defendant exit the car from the driver's side where he had been seated. He also saw an unidentified man exit the passenger side of the car and hurriedly walk away from the scene. Rosato informed the defendant that he had already phoned the police, but still offered the use of his telephone to the defendant. The defendant declined, stating that he would use a pay phone located at the corner of Broadway and Fountainbleau, which is nearly a block away. As defendant began to walk toward the pay phone a plainclothes police officer drove up to the scene. Rosato testified that the defendant became agitated and began walking away faster.
Sgt. Michael Cimino, who was working a paid security detail in the neighborhood, testified that he heard the police broadcast of the accident. He was in the area and decided to investigate in case there were any injuries. He testified that as he was nearing the scene he saw the defendant get out of the car and start to run toward Broadway. He testified that he did not see anyone else emerge from the car, nor did he see the defendant talking to anyone on the scene. He testified that he stopped the defendant at the corner of Fountainbleau and Broadway, put him in the back of his car, and drove back to the scene of the accident. When they returned, two other officers had arrived. These officers noticed that the license plate was attached by a coat hanger and that the steering column had been cracked open. The officers checked the license plate and vehicle identification number and confirmed their suspicion that the vehicle had been stolen. The defendant was then arrested and advised of his rights.
Off. Richard Hunter, one of the investigating officers at the scene, testified that no fingerprints from the license plate or the steering column were taken because neither of these surfaces was suitable for retaining prints.
The owner of the stolen vehicle, William Hudlow, testified that he owned the 1984 Monte Carlo and that it had been stolen on July 14, 1990. He testified that the car was in good working condition and that it had no dents. He estimated the value of the car at $3,000 at the time it was stolen. He further testified that he had not given the defendant permission to use his car.
Two witnesses, neighbors of the defendant's mother, testified on the defendant's behalf. Both witnesses stated that earlier that day they had seen the defendant get *652 into a white car driven by another man. Additionally, the defendant's girlfriend and mother of his two children, Sheila Jones, testified that the defendant had gotten a ride and was going to her house to bring her money to pay her utility bill when the accident occurred. She also testified that the defendant called her from a pay phone at the corner of Broadway and Fountainbleau to tell her he had been involved in an accident.
Mr. Rosato also testified that sometime after the accident he received a message on his telephone answer machine from the defendant's girlfriend. He was later informed that she and the defendant had two children together and they could not get by without the defendant's support. Rosato was also informed that the defendant wanted to speak with him. Rosato testified that approximately one or two days later he spoke with the defendant. He claims that the defendant asked him why he was lying, but he was never threatened. Rosato testified that he told both the defendant and his girlfriend to call the D.A.'s office. Sheila Jones denies ever calling Rosato.

ERRORS PATENT:
A review of the record for errors patent reveals none.

PROOF OF VALUE:
Defendant contends that the state failed to prove that the value of the stolen car was in excess of $500 as alleged in the Bill of Information.
In assessing a claim for insufficiency of the evidence, the standard of appellate review is whether, viewing the facts in the light most favorable to the prosecution, any rational trier of fact could have found that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
In this case, the defendant was convicted of violating LSA-R.S. 14:69, possession of stolen property valued at more than $500. Because value is an essential element of the crime charged, the State must present evidence of the value of the stolen property at the time of the theft. State v. Bell, 544 So.2d (La.App. 4th Cir.1989); State v. Williams, 598 So.2d 1265 (La.App. 4th Cir., 1992).
In this case, the State presented uncontradicted testimony of the owner of the 1984 Monte Carlo automobile that it was worth $3000 on July 23, 1990. The car was well maintained, was in good running condition, and was not dented or damaged.
We distinguish State v. Williams, supra. In Williams the State offered no evidence, direct or circumstantial to prove the value of the stolen car. This did not meet the Jackson reasonable doubt standard. The owner testified that she purchased her car ten (10) years earlier for $25,000, that it was mechanically deficient, and that she intended to trade it in soon. The State offered no extrinsic evidence of photographs or estimates of value.
In this case, there was direct unequivocal testimony by the owner as to value of the stolen property. The defendant failed to, or elected not to, cross examine the owner on this issue. Therefore, the unambiguous self-serving testimony of the owner was neither impeached nor contradicted, it meets the burden of proof on this issue.
For the purpose of clarification, we hold that when the degree of the crime is based on the value of the stolen property possessed, the self-serving testimony of the owner is sufficient if it is clear and uncontradicted. If the testimony is devoid of the value of the property by the owner the State must present additional evidence to prove the value is clearly in excess of the statutory amount.
The jury herein, based on the owner's testimony, could have concluded that the car had a value of at least $500 at the time of the theft.

SUFFICIENCY OF THE EVIDENCE:
Defendant contends that the state failed to show that he knew the car was stolen. In State v. Heck, 560 So.2d 611 (La.App. 4th Cir.1990), writ denied 566 So.2d 395 (1990), this court set forth the standard for an appellate review of the sufficiency of *653 evidence to support a defendant's conviction:
In evaluating the sufficiency of evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781[, 61 L.Ed.2d 560] (1979); State v. Jacobs, 504 So.2d 817 (La.1987). Where the conviction is based upon circumstantial evidence, R.S. 15:438 provides that such evidence must exclude every reasonable hypothesis of innocence. State v. Langford, 483 So.2d 979 (La.1986). R.S. 15:438 does not establish a stricter standard of review than the more general rational juror's reasonable doubt formula; it is merely an evidentiary guide for the jury when considering circumstantial evidence. State v. Porretto, 468 So.2d 1142 (La.1985).
The appellant was charged with and convicted of illegal possession of stolen things, the essential elements of which are: (1) the property was stolen; (2) the property was of value; (3) the defendant knew or should have known the property was stolen; and (4) the defendant intentionally possessed, procured, received, or concealed the property. R.S. 14:69; State v. Walker, 350 So.2d 176 (La.1977); State v. Elie, 567 So.2d 180 (La.App. 4th Cir.1990), writ denied 571 So.2d 617 (1990); State v. Mercadel, 503 So.2d 608 (La.App. 4th Cir.1987). "Mere possession of stolen property does not create a presumption that the defendant knew or had good reason to believe that the property was stolen." Elie, at 181, citing Walker, at 178. The appellant does not dispute the facts that the car was stolen and that he was in possession of it. Rather, he argues that the State failed to prove the value of the car or that he knew the car was stolen.
Defendant relies on the testimony of two witnesses who claimed to have seen the defendant enter the car as a passenger, and as a passenger, he might not have known that the car had a defeated steering column. He asserts that this testimony raised a reasonable hypothesis of innocence which the State failed to negate. However, even though these two witnesses testified they saw him get into the passenger side of the same car, Rosato and Sgt. Cimino both positively identified the appellant as the man who got out of the driver's side of the car after the accident. Given this testimony, the jury could easily have found that the defendant was driving the car and that he knew or had reason to know that the car was stolen. This assignment lacks merit.

PREJUDICIAL TESTIMONY:
This assignment of error was not briefed and as such is considered abandoned. See Rule 2-12.4, Uniform Rules, Courts of Appeal; State v. Bray, 548 So.2d 350 (La.App. 4th Cir.1989).

HEARSAY TESTIMONY:
Lastly, the defendant contends that the trial court erred by allowing the introduction of inadmissible hearsay concerning purported telephone calls made by the appellant's girlfriend to Rosato concerning his testimony at trial. The defendant argues that this testimony was inadmissible and unduly prejudiced him because it could be considered to be evidence of threats made on his behalf.
At trial, and on rebuttal, the prosecutor asked Sheila Jones if she had called Rosato and asked him not to testify against the defendant. Ms. Jones denied doing this and testified that she did not know Rosato.
On rebuttal, Rosato testified that a woman named "Sheila" left a message on his answering machine, and when he called her back, she told him she was the defendant's girlfriend and the mother of his children and that the defendant wanted to talk to him. Rosato testified that he told her to tell the defendant to call the district attorney's office. He further testified that a few days later, the defendant called him, asking him why he lied about him, and told Rosato that he was having a hard time making ends meet. He further explained to Rosato that he had a baby to support, and that he did not want to go to jail.
*654 The defense failed to raise an objection to any of these questions and the evidence elicited by them. As such, any error as to them cannot be raised for the first time on appeal, C.Cr.P. art. 841. In addition, although the defendant contends this testimony could have been construed as testimony of threats, Rosato testified that neither the woman he spoke with nor the defendant threatened him or tried to bribe him. This assignment is without merit.

CONCLUSION:
For the above and foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.