I,McKAY, Judge.
J. STATEMENT OF THE CASE
On September 30, 1997, the defendant, Stacey Riley, was charged by bill of information with possession of a stolen vehicle valued over five hundred dollars in violation of La.R.S. 14:69. The defendant entered a plea of not guilty at his arraignment on October 14, 1997. After a jury trial on February 12, 1998, the defendant was found guilty as charged. On February 17, 1998, the State filed a multiple bill of information. The defendant pled not guilty to the multiple bill. A sentencing and multiple offender hearing was held on February 26, 1998. The trial court sentenced the defendant to serve ten years at hard labor. Thereafter, the defendant was adjudicated a second felony offender. The defendant waived all legal delays. The trial court vacated the original sentence and resentenced defendant to serve eighteen years at hard labor. The defendant’s motion to reconsider sentence was denied. The trial court granted the defendant’s motion for appeal and set a return date of April 27,1998.
The appeal record was lodged in this Court on May 29, 1998. The defendant filed his appellate brief on July 27, 1998. The state filed its brief on September 8, 1998.

j¿I. STATEMENT OF THE FACTS

At approximately 2:50 a.m. on September 5, 1997, New Orleans Police Officer Jeff Sislo was on patrol in the sixty three hundred block of Chef Menteur Highway. The officer was driving west on Chef Menteur when he observed a white General Motors vehicle with an expired temporary license plate in front of him. However, the officer was not able to stop the vehicle immediately as they were on the Chef Menteur Bridge. As the vehicle reached the top of the bridge, the vehicle sped off and took the France Road exit where the driver of the vehicle lost control of the vehicle. When the vehicle came to a stop, both the passenger and driver of the *666 vehicle exited from the passenger side. The two subjects ran down the bridge towards France Road. The officer pursued the two subjects. Officer Sislo advised the dispatcher of the incident and requested assistance. As the two subjects reached France Road, they separated and ran in different directions. Officer Sislo pursued the driver of the vehicle. The driver ran south on Old Gentilly Road towards Schwegmann’s Supermarket. The passenger ran northeast underneath the bridge. The driver was apprehended by another police officer when the driver jumped off the Alvar overpass. Officer Sislo identified the defendant as the driver of the vehicle. After the defendant was apprehended, Officer Sislo arrested the defendant. When Officer Sislo looked into the vehicle, he saw that the steering column was defeated. Officer Sislo obtained the name and address of the registered owner of the vehicle. Another officer advised the owner that his vehicle had been recovered. The owner of the vehicle came to the scene and identified his vehicle. It was determined that the vehicle had been stolen earlier that evening.
Elester Jones, the owner of the vehicle testified that he had purchased a white 1987 General Motors Oldsmobile in 1996 for three thousand dollars and that lathe vehicle was in very good condition. On September 2, 1997, Mr. Jones parked his vehicle under his carport. Mr. Jones also testified that a police officer came to his home in the early morning hours of September 5, 1997, and asked him if he owned a vehicle. He said yes. The officer then told him that the vehicle had been wrecked and was on Louisa Street. Mr. Jones stated that he did not know the defendant nor had he given the defendant permission to be in his vehicle. The defendant demolished the vehicle.
Stacey Riley stated that a marked police vehicle stopped him in the early morning hours of September 5, 1997. He did not know the vehicle was stolen. Riley stated that he had gotten off of work around 12:30 a.m. When he arrived home, his mother asked him to go to the store for her. As the defendant walked down Feli-ciana Street, he saw Leonard Price who was driving a white vehicle. The defendant asked Price to give him a ride to the store. Price let the defendant drive the vehicle. They went to New Orleans East where the defendant dropped off Price. The defendant continued to drive the vehicle. The defendant did not pay any attention to the ignition set. As the defendant was driving on the Chef Menteur Bridge, he saw the police officer behind him. The defendant stated that he got nervous and lost control of the vehicle. After the vehicle hit the retaining wall and stopped, the defendant exited the vehicle from the passenger side. The defendant claims he was nervous because he had been on probation for three weeks. The defendant acknowledged prior convictions for possession of marijuana and possession of cocaine. The defendant testified he never saw keys for the vehicle.

III. DISCUSSION

A. Errors Patent

14A review of the record for errors patent reveals none.

B. Assignment of Error No.l

In his first assignment of error, the defendant contends the State failed to produce sufficient evidence to sustain his conviction for possession of a stolen vehicle valued over five hundred dollars.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987).
In addition, when circumstantial evidence forms the basis of the conviction, *667 such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La.R.S. 15:438. La.R.S. 15:438 is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, supra.
In order to sustain a conviction under La. R.S. 14:69, the state must prove that (1) the vehicle was stolen; (2) the vehicle was worth more than five hundred dollars; (3) the defendant knew or should have known that the vehicle was stolen; | Rand, (4) the defendant intentionally received the property. State v. Hoskin, 605 So.2d 650 (La.App. 4th Cir.1992). In the case at bar, the defendant contends that the State failed to prove that the vehicle was valued over five hundred dollars. Mr. Elester Jones, the owner of the vehicle, testified that he purchased the vehicle in 1996 for three thousand dollars. The vehicle, a 1987 Oldsmobile, was in very good condition. It had a new front bumper and there were no dents in it. Testimony of the owner as to the purchase price of the vehicle is generally sufficient to establish the value of the vehicle if it is clear and uncontradicted. Id. However, the defendant contends that since the vehicle was ten years old when purchased ■ by Mr. Jones, such testimony is not sufficient to establish the value of the vehicle.
In Hoskin, this Court held that testimony by the owner of the vehicle that the vehicle was valued at three thousand dollars at the time it was stolen, well-maintained, in good running condition, and not dented or damaged, was sufficient to establish that the vehicle was worth over five hundred dollars at the time of the offense. The Court also distinguished State v.Williams, 598 So.2d 1265, (La.App. 4 th Cir.1992), affirmed in part, modified in part and remanded, 610 So.2d 129 (La. 1992), noting that in “Williams, the State offered no evidence, direct or circumstantial to prove the value of the stolen car. This did not meet the Jackson reasonable doubt standard. The owner testified that she purchased her car ten (10) years earlier for $25,000, that it was mechanically deficient, and that she intended to trade it in soon.” Hoskin, 605 So.2d at 652.
The present ease is more akin to Hoskin than Williams. In the case at bar, Mr. Jones testified that he purchased his vehicle one year prior to the offense for three thousand dollars. The vehicle, a 1987 Oldsmobile, was in very good condition. It had a new front bumper and there were no dents in it. No evidence |fiwas presented to contradict Mr. Jones’ testimony. Thus, his testimony was sufficient to prove, beyond a reasonable doubt, that the vehicle was valued over five hundred dollars.
This assignment is without merit.

C. Assignment of Error No.2

The defendant suggests that 'the list of responsive verdicts on the jury verdict form was not complete. He contends that this is an error patent. The jury verdict form provided the jury with the following possible verdicts: (1) Guilty of possessing, procuring or concealing a stolen thing valued at $500.00 or more; (2) Guilty of attempted possessing, procuring or concealing a stolen thing valued at $500.00 or more; (3) Not guilty. The defendant argues that the verdict form should have included the following lesser included offenses: guilty of possessing, procuring or concealing a stolen thing valued at $100.00 or more, but less than $500.00; guilty of attempted possessing, procuring or concealing a stolen thing valued at $100.00 or more, but less than $500.00; guilty of possessing, procuring or *668 concealing a stolen thing valued at less than $100.00; and guilty of attempted possessing, procuring or concealing a stolen thing valued at less than $100.00.
However, a review of the record reveals that the defendant did not object to the verdict form supplied to the jury. Therefore, the defendant is precluded from raising this issue on appeal. La.C.Cr.P. article 841. Further, the defendant’s contention that this is an error patent is without merit. An “error patent” is “an error that is discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence.” La.C.Cr.P. article 920. In order to determine if the trial court committed error in failing to include the lesser included offenses, 17review of the trial transcript would be necessary to determine if the evidence supported the lesser included offenses. In State v. Goins, 544 So.2d 1264 (La.App. 4th Cir.1989), this Court determined that the lesser included offenses to possession of stolen property valued over five hundred dollars should have been included in the verdict form supplied to the jury. However, this Court considered the issue as the defendant objected to the verdict form at trial. The issue was not considered in a discussion on errors patent. In fact, the Court stated that no errors patent were found in the record. As the defendant in the present case failed to object to the failure of the trial court to include the lesser included offenses on the verdict form, he is precluded from raising this issue on appeal. The defendant is not entitled to a review of this issue as a patent error.
This assignment is without merit.
D. Assignment of Error No.S
The defendant also argues that the sentence imposed by the trial court is unconstitutionally excessive.
Article 1, Section 20 of the Louisiana Constitution of 1974 provides that “No law shall subject any person ... to cruel, excessive or unusual punishment.”
A sentence within the statutory limit is constitutionally excessive if it is “grossly out of proportion to the severity of the crime” or is “nothing more than the purposeless imposition of pain and suffering.” State v. Caston, 477 So.2d 868 (La. App. 4th Cir.1985). Generally, a reviewing court must determine whether the trial judge adequately complied with the sentencing guidelines set forth in La.C.Cr.P. art. 894.1 and whether the sentence is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982).
[sIf adequate compliance with Article 894.1 is found, the reviewing court must determine whether the sentence imposed is too severe in light of the particular defendant and the circumstances of his case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Quebedeaux, supra; State v. Guajardo, 428 So.2d 468 (La.1983).
The trial court sentenced the defendant to serve eighteen years at hard labor as a second felony offender. Under La. R.S. 14:69 and La. R.S. 15:529.1, defendant faced a term of imprisonment between five and twenty years at hard labor. Prior to sentencing the defendant, the trial court provided the following reasons for the sentence imposed:
I find that at the time of the offense you were 20 years of age with no listed occupation. You were on probation for Section E of this Court at the time of the offense. In the course of this offense, you wrecked the victim’s car when you became engaged in a high speed pursuit with Officer Sislo of the Seventh Police District of the New Orleans Police Department. You fled Officer Sislo in the victim’s car until you wrecked his car. And then you jumped out of the disabled vehicle and fled on foot where *669 you jumped over an elevated overpass all in an attempt to avoid apprehension. Unfortunately for you, Officer Sislo, although he was working by himself did not give up the chase. By jumping off this elevated roadway, you created a risk of danger to yourself, to Officer Sislo, and to others in the area by getting involved in this pursuit with the police car trying to outrun the police car until you wrecked the victim’s car. You created a risk of danger to yourself, to Officer Sislo, and to the community. Your explanation to the jury as to why you ran from Officer Sislo is because— and the DA didn’t pick up on it— you said you thought you were wanted because you did not pay your fine. In review of the record, it shows that, in fact, you were wanted by Section E for not abiding by the terms and conditions of your probation.
This Court, in State v. Smith, 450 So.2d 679 (La.App. 4th Cir.1984), affirmed a sentence of twenty years at hard labor for possession of stolen goods for a third felony offender. In State v. Bell, 544 So.2d 32 (La.App. 4th Cir.j1989),n a maximum sentence of ten years for possession of stolen property was upheld where the defendant was not sentenced as a habitual offender. Also, in State v. Skipper, 527 So.2d 1171, (La.App. 3d Cir.1988), writ denied 559 So.2d 132 (La.1990), the Third Circuit affirmed a twelve year sentence for simple burglary and an eight year sentence for possession of stolen property imposed consecutively where the defendant was found in possession of a pick-up truck and a wallet.
In the case at bar, the defendant admitted to prior convictions for possession of marijuana and possession of cocaine. The trial court considered these prior convictions as well as the fact that the defendant was on probation when the defendant committed the present offense. In addition, the trial court noted that the defendant endangered himself, the police officers and the community in his attempt to flee from the police. As a result of his attempt to flee, the defendant also demolished the victim’s vehicle. The defendant’s actions reveal that he had no regard for the injuries and damages he caused during the high speed chase. In light of the defendant’s prior convictions and the circumstances of the present case, the sentence imposed was not unconstitutionally excessive.
This assignment is without merit.
Accordingly, the defendant’s conviction and sentence is affirmed.
AFFIRMED.