778 So.2d 547 (2001)
STATE of Louisiana
v.
Ricky CARTHAN
No. 2000-KO-0359.
Supreme Court of Louisiana.
January 12, 2001.
Reconsideration Denied March 30, 2001.
Denied.
CALOGERO, C.J., would grant the writ.
JOHNSON, J., would grant the writ and assigns reasons.
JOHNSON, J., would grant the writ application for the following reasons:
In this case, the defendant was convicted of violating R.S. 14:69, possession of stolen property valued at more than one hundred dollars, but less than five hundred dollars. As a result of this felony conviction, the court found defendant a fourth felony offender and imposed the mandatory sentence of life imprisonment at hard labor to run consecutively with six months imprisonment on the misdemeanor conviction for which defendant was also charged.
In my view, a reasonable doubt existed as to whether the value of the stolen property in this case exceeded $100.00 in light of contradicted testimony that the property was worth only $65.00.
In evaluating the sufficiency of the evidence, the standard to be used by the appellate court is whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt of every element of the crime charged. Jackson v. Virginia, 443 *548 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Because value is an essential element of the crime charged in this case, the state must present evidence of the value of the stolen property at the time of the theft. State v. Hoskin, 605 So.2d 650 (La. App. 4 Cir.1992); State v. Williams, 598 So.2d 1265 (La.App. 4 Cir.1992); State v. Bell, 544 So.2d 32 (La.App. 4 Cir.1989).
The value of the stolen property is an integral part of classification of the offense as either a misdemeanor or a felony. La. R.S. 14:69 provides increased penalties for possessing stolen things at different values. R.S. 14:69 reads, in pertinent part:
B(1).... [W]hen the value of the thing is five hundred dollars or more, the offender shall be imprisoned with or without hard labor for not more than ten years or fined not more than three thousand dollars, or both.
(2) When the value of the stolen thing is one hundred dollars or more, but less than five hundred dollars, the offender shall be imprisoned with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
(3) When the value of the stolen thing is less than one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both....
In the case sub judice, the victim, Mr. Smith testified that the property stolen from his business had an approximate value of $2,000 in its present condition, but that it would be worth much more if he were to refurbish it for sale. It is important to consider how or by what standard Mr. Smith established the value of the property as $2,000. Even more important is the amount for which Mr. Smith himself acquired this property. When asked if he had purchased the property from Lee Cook, an owner of a recycling center, Mr. Smith testified "No, I did not. He gave it to me. Which he does. We swap stuff around a good bit." (Emphasis Added). Therefore, it has been established that the property was either "given" to Mr. Smith or "swapped" for other property.
Mr. Fontenot, co-owner of the recycling center, testified that he purchased the same property as scrap metal from the defendant for approximately $65.00. According to Mr. Fontenot, this price was based on the market rate per pound of stainless steel, without regard to the identity or condition of the items. As he explained, "It could be a working valve; you'd still get the same price as a run-over piece of junk." (Emphasis Added). Thus, the same recycling center who either gave or swapped something for the property to Mr. Smith, then purchased the same property for only $65.00.
The courts in State v. Stack, 97-1176 (La.App. 5 Cir. 4/15/98), 710 So.2d 841 and Hoskin, supra, have held that "when the degree of the crime is based on the value of the stolen property possessed, the self-serving testimony of the owner is sufficient to establish the value of the stolen property if it is clear and uncontradicted." (Emphasis Added).
Mr. Smith's testimony as to the value of the property was controverted in this case by the testimony of Mr. Fontenot, who worked at the recycling center, that the property was only worth $65.00 no matter what the condition because the value was measured at a rate per pound of stainless steel.
The "true" value of the property is absolutely necessary to determine the proper sentence to be imposed. It is not logical to find that the exact same piece of property purchased by Mr. Fontenot at a price of $65.00 could be worth $2,000 when Mr. Smith added nothing to its value. The fact that the property may be worth more than $65.00 in the future after Mr. Smith refurbished the property is purely speculative, and does not change the fact that the property was worth only $65.00 at the time it was stolen. There is no evidence that Mr. Smith had done anything to this *549 property which would have enhanced it's value greater than $65.00. Louisiana law does not permit us to accept Mr. Smith's self-serving testimony as to a greater value when the only assignment of true value of the property is $65.00. Therefore, the lower courts erred in finding the state proved the value of the stolen property exceeded $100.00.