NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1289

STATE OF LOUISIANA

VERSUS

JOSHUA J. PELTIER

**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR136690.2
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE
**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

AFFIRMED AND REMANDED WITH INSTRUCTIONS.

Michael Harson
District Attorney, Fifteenth Judicial District
Allan P. Haney
Assistant District Attorney
P.O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
COUNSEL FOR APPELLEE:
    State of Louisiana

Brent A. Hawkins
Louisiana Appellate Project
P. O. Box 3752
Lake Charles, LA 70602
(337) 502-5146
COUNSEL FOR DEFENDANT/APPELLANT:
    Joshua J. Peltier

**PICKETT, Judge.**

## FACTS

On or about November 2, 2011, the defendant was a principal to a first degree robbery wherein the victim was led to believe the perpetrator was armed with a dangerous weapon and property was removed from her by force or violence.

The defendant, Joshua J. Peltier, AKA Joshua James Peltier, Josh Petier, and Josh Peltier, was charged by bill of information filed on June 14, 2012, with armed robbery, a violation of La.R.S. 14:64. On June 18, 2012, the defendant entered a plea of not guilty. The state amended the bill of information to reflect the charge of first degree robbery on May 23, 2013, and the defendant entered a plea of guilty to the amended charge. On September 5, 2013, the defendant was sentenced to serve ten years at hard labor without benefit of probation, parole, or suspension of sentence. A motion for appeal was filed on September 25, 2013, and was subsequently granted.

The defendant is before this court asserting the following three assignments of error: 1) the trial court erred in sentencing him without giving consideration to the sentencing factors pursuant to La.Code Crim.P. art. 894.1; 2) the trial court erred in failing to advise him that he had two years from the time his sentence became final in which to file an application for post-conviction relief; and 3) the trial court committed an error patent by failing to give him credit for time served pursuant to La.Code Crim.P. art. 880(A).

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are two errors patent alleged by the defendant. These errors are

discussed in assignments of error numbers two and three. Additionally, the minutes of sentencing need correction.

The sentencing minutes provide in pertinent part: "The Court advised the defendant that he has two years in which to file for Post Conviction Relief." The transcript of the sentencing does not indicate that this advisement was given to the defendant.[1] "[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. The trial court is ordered to correct the court minutes to accurately reflect the sentencing transcript.

## ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, the defendant contends the trial court erred in sentencing him without giving consideration to the sentencing factors pursuant to La.Code Crim.P. art. 894.1.

The defendant did not object to the alleged failure of the trial court to consider the factors set forth in La.Code Crim.P. art. 894.1 at the time his sentence was imposed, and he failed to file a motion to reconsider his sentence. The defendant has not alleged his sentence is excessive. However, if such a claim had been made, the issue could not be addressed by this court because the defendant was sentenced within the agreed-upon sentencing cap that was part of the defendant's plea agreement. *See State v. Percy*, 09-1319 (La.App. 3 Cir. 5/5/10), 36 So.3d 1115, *writ denied*, 10-1253 (La. 12/17/10), 51 So.3d 17. Because of the failure to file a motion to reconsider his sentence, the defendant waived review of

---

[1]The defendant was given the proper notification in the waiver of rights form he signed. Additionally, the defendant has raised lack of notification in assignment of error number two, and the claim will be discussed in that assignment.

this assignment of error. *See* La.Code Crim.P. art. 881.1(E); *State v. L.B.*, 09-1136 (La.App. 3 Cir. 4/7/10), 34 So.3d 974, *writ denied*, 10-1022 (La. 11/19/10), 49 So.3d 394.

**ASSIGNMENT OF ERROR NUMBER TWO**

In his second assignment of error, the defendant contends the trial court erred in failing to advise him that he had two years from the time his sentence became final in which to file an application for post-conviction relief.

Louisiana Code of Criminal Procedure Article 930.8 (emphasis added) provides, in pertinent part:

> A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment *of conviction and sentence has become final* under the provisions of Article 914 or 922, unless . . . .
>
> . . . .
>
> C. At the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief either verbally or in writing. If a written waiver of rights form is used during the acceptance of a guilty plea, the notice required by this Paragraph may be included in the written waiver of rights.

The plea form signed by the defendant stated: "I also realize that I have two years from the date this *conviction becomes final* to file any applications for post[-]conviction relief." (Emphasis added). At the time the defendant entered his plea, he told the trial court that he had read the plea form and understood it.

Because the information on the plea form is not wholly accurate, as it does not indicate the time period begins to run two years from the date the defendant's *conviction and sentence* become final, the trial court is directed to inform the defendant of the correct prescriptive period by sending appropriate written notice to the defendant within ten days of the rendition of this opinion. Additionally, the

trial court is instructed to file written proof in the record that the defendant received the notice. *See State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

## ASSIGNMENT OF ERROR NUMBER THREE

In his third assignment of error, the defendant contends that the trial court committed an error patent in failing to give him credit for time served pursuant to La.Code Crim.P. art. 880(A) as part of his sentence.

Louisiana Code of Criminal Procedure Article 880(A) provides: "A defendant shall receive credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence." While the trial court failed to give the defendant credit for time served, credit for time served pursuant to La.Code Crim.P. art. 880 occurs by operation of law. *See State v. Carthan*, 99-512 (La.App. 3 Cir. 12/8/99), 765 So.2d 357, *writ denied*, 00-359 (La. 1/12/01), 778 So.2d 547. There is no error.

## CONCLUSION

The defendant's sentence is affirmed. The trial court is ordered to correct the court minutes to accurately reflect the sentencing transcript. Additionally, the trial court is instructed to inform the defendant of the correct prescriptive period by sending appropriate written notice to the defendant within ten days of the rendition of this opinion. Further, the trial court is instructed to file written proof in the record that the defendant received the notice.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules–Courts of Appeal, Rule 2–16.3

4