811 So.2d 1066 (2002)
STATE of Louisiana
v.
Glenn W. BROOKS.
No. 01-KA-1073.
Court of Appeal of Louisiana, Fifth Circuit.
February 26, 2002.
*1067 Jane L. Beebe, Louisiana Appellate Project, Gretna, LA, for Glenn Brooks, Defendant-Appellant.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Mickey S. deLaup, Assistant District AttorneysAppellate Counsel, Gretna, LA, for State of Louisiana, Plaintiff-Appellee.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
SUSAN M. CHEHARDY, Judge.
On July 30, 1998, the Jefferson Parish District Attorney filed a bill of information charging the defendant, Glenn W. Brooks, with illegal possession of stolen things valued at $500.00 or more, a violation of La. R.S. 14:69. On August 28, 1998, the defendant was arraigned and pled not guilty.
On February 13, 2001, the matter proceeded to trial and a six-person jury unanimously found the defendant guilty as charged. On April 26, 2001, the trial judge sentenced the defendant to five years of imprisonment at hard labor. The defendant filed a motion for appeal that same day, which the trial judge granted.[1]
On April 26, 2001, the State also filed a multiple offender bill of information alleging that the defendant was a second felony offender with a prior conviction for simple burglary. Defendant initially denied the allegations but, on July 19, 2001, defendant admitted the allegations of the multiple offender bill of information. Thereafter, the trial judge vacated the original sentence and imposed an enhanced sentence of five years at hard labor without benefit of probation or suspension of sentence to be served concurrently with any other sentence defendant is serving.

Facts
On June 18, 1998, Thomas Downey awoke to find that his Chevrolet Blazer had been stolen from the driveway of his home in Laplace. According to Mr. Downey, the vehicle was valued at approximately $2,500.00.
On June 19, 1998, Kenner Police Officers Ronnie Bertucci and Danny Killian were investigating on foot the parking lot of the Malcolm Apartments on Third Street in Kenner because they had recently recovered several stolen vehicles in that area. As the officers approached a black and red Chevrolet Blazer parked in that lot, they saw a man exit the driver's side and walk toward the courtyard area between the apartment buildings. They had not seen that vehicle in the area before so they ran a computer check of the license plate, *1068 which indicated that the vehicle was reported stolen the previous day.
Officer Bertucci followed the path the man had taken, while his partner went around the front of the apartment complex. Shortly thereafter, Officer Killian detained the man, later identified as the defendant, Glenn Brooks. Officer Bertucci read the defendant his constitutional rights and told the defendant that the vehicle had been reported stolen.[2] When Officer Bertucci asked the defendant where he was going, the defendant, who had been walking toward the apartments, replied that he was going home. When Officer Bertucci asked the defendant where he lived, defendant indicated that he lived in St. Rose, Louisiana, which is more than three miles from the apartment complex. When asked why he was walking instead of driving the car if he was going home, the defendant did not respond. When defendant was asked what he was doing in Kenner, he indicated that he was waiting for a friend, who was in "one of these apartments." Once Officer Bertucci received confirmation from the reporting agency that the vehicle was stolen, defendant was placed under arrest.
On cross examination, Officer Bertucci testified that the steering column was "defeated" so that the vehicle could be started with a screwdriver, which indicated that the vehicle was stolen. Likewise, the radio had been removed from the dashboard and the latch on the glove compartment had been destroyed causing the glove compartment to hang open.
The defense presented testimony of Jamie Watson and Delmarie Wesley, who both stated that the defendant was at their apartment in the Malcolm Apartment Complex shortly before he was arrested. Mr. Watson testified the defendant was the stepbrother of his fiancee, Delmarie.[3] Mr. Watson stated that, on June 19, 1998, the defendant was visiting him and his fiancee at the Malcolm Apartments and went to use their restroom. According to Mr. Watson, while defendant was in the restroom, Watson walked out of his front door and the Kenner Police officers were standing in the doorway.
Mr. Watson also testified that the officers accused him of being in the stolen vehicle with the defendant and placed him in handcuffs. The officers asked Ms. Wesley's permission to search the apartment and she consented. The officers then found the defendant and brought the defendant outside to the police car. Mr. Watson remained handcuffed at his front door. He testified that the police eventually removed his handcuffs and released him. He testified that he was not mistreated by the police, and decided that they had just made a mistake in detaining him.
According to Ms. Wesley, it did not appear that the defendant was hiding from anyone that day. She said that the defendant did not have a vehicle at the time and she did not know how he arrived at her apartment that day. Ms. Wesley stated, however, that the defendant's girlfriend had a car that he would sometimes drive.
*1069 Based on the evidence and testimony, the jury unanimously found the defendant guilty as charged.

Discussion
On appeal, defendant contends that the evidence was insufficient to show that he was in possession of the vehicle because the officers merely saw him exit the vehicle, but did not actually see him driving the vehicle.
The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution to find the essential elements of the crime beyond a reasonable doubt. State v. Ortiz, 96-1609 (La.10/21/97), 701 So.2d 922, 930, cert. denied, 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998). When circumstantial evidence is used to prove the commission of the offense, La. R.S. 15:438 mandates that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." The requirement of La. R.S. 15:438 does not establish a standard separate from the Jackson standard, but rather provides a helpful methodology for determining the existence of reasonable doubt. Ultimately, all evidence, both direct and circumstantial must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Ortiz, supra; State v. Jones, 98-842 (La.App. 5 Cir. 2/10/99), 729 So.2d 57, 63.
In the present case, the defendant was charged with illegal possession of stolen things valued at over $500.00, a violation of La. R.S. 14:69. In order to convict a defendant of this offense, the State must prove, beyond a reasonable doubt, that the defendant (1) intentionally possessed, procured, received or concealed, (2) anything of value, (3) which has been the subject of any robbery or theft, (4) where circumstances indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses and that (5) the value of the items stolen exceeds $500.00. See, State v. Corkern, 593 So.2d 1259, 1260 (La.1992); State v. Harbor, 00-1258 (La.App. 5 Cir. 11/28/00), 775 So.2d 1082, 1084.
In the present case, the defendant specifically contends that the State failed to prove that he was in possession of the vehicle since the officers merely saw him exit the vehicle. In support of a conviction for illegal possession of stolen property, the prosecution does not have to prove actual possession because a conviction may be established with evidence of "constructive" possession. Constructive possession exists when the property is within the defendant's dominion or control. State v. Short, 00-866 (La.App. 5 Cir. 10/18/00), 769 So.2d 823, 827, writ denied, 00-3271 (La.8/24/01), 795 So.2d 336.
In State v. McCadney, 98-3026 (La.App. 4 Cir. 4/19/00), 761 So.2d 579, 584, writ denied, 00-1878 (La.3/16/01), 787 So.2d 308, the court held that the fact that defendant was asleep on the back seat of a stolen van with its engine running was sufficient to support a finding that the defendant was in possession of the stolen van. The steering column had been broken so that the van could be started without a key, the driver's side window had been broken, and a console running along the ceiling of the van had been removed so that insulation hung from the ceiling. Id. *1070 at 582. In affirming the defendant's conviction for illegal possession of stolen things, the court pointed out that the defendant was "an occupant capable of exercising control over" the vehicle. Id. at 584.
The court observed that, "while alternative scenarios tending to exonerate defendant could be imagined from the evidence presented, a rational juror, relying on common sense and experience, would have found such scenarios to be extremely unlikely that is, unreasonable." Id. at 583. Finally, the McCadney court pointed out that the defendant was actually in the van and thus could not only use it, but could also, after waking, exclude others from possession of the van. Id. at 583.
Our case is similar to McCadney because the Chevrolet Blazer's steering column was broken so that it could be started without a key, the radio was removed from the dashboard, and the glove compartment's latch was broken leaving it hanging open. When Officer Bertucci asked the defendant about the vehicle, the defendant replied that it belonged to a friend who was in one of the apartments. However, the evidence revealed that the Blazer belonged to Mr. Downey, who lived in Laplace. Defendant, who lived in St. Rose, offered no explanation to Officer Bertucci as to how he had arrived in Kenner.
Although he contends his witnesses offered a different version of the events, the only fact that their testimony added that conflicts with Officer Bertucci's testimony was that the defendant was apprehended at their apartment. The Louisiana Supreme Court has stated that "[i]n a case involving circumstantial evidence in which the jury has reasonably rejected the defense offered at trial, the reviewing court... `does not determine whether another possible hypothesis has been suggested by defendant which could explain the events in an exculpatory fashion.'" State v. luke, 98-341 (La.1/8/99), 725 So.2d 1291, 1293 (quoting State v. Captville, 448 So.2d 676, 680 (La.1984)). Here, the jury rejected the defendant's theory. Under these circumstances, it appears that there was adequate evidence under the Jackson standard to establish that the defendant knowingly and intentionally possessed the stolen vehicle. Based on the foregoing, we find that this assignment of error lacks merit.
In his second assignment of error, appellant requests a review of the record for errors patent, pursuant to La.C.Cr.P. art. 920. Specifically, the defendant contends that the trial judge failed to advise him of the prescriptive period for filing for post-conviction relief. However, the record reflects that the trial judge properly advised the defendant of the provisions of LSA C.Cr.P. art. 930.8 at the original sentencing and the multiple offender hearing.
Lastly, we note some discrepancies between the transcript and commitment/minute entry. The commitment/minute entry incorrectly recites that the defendant was convicted of receiving stolen things of $100.00 or greater while the record reflects that defendant was convicted of receiving things valued at $500.00 or more. We remand the matter to the trial court to amend the commitment/minute entry to conform with the sentencing transcript. State v. Harbor, 00-1258 (La.App. 5 Cir. 11/28/00), 775 So.2d 1082, 1086.
For the reasons set forth herein, we affirm the defendant's conviction and sentence and remand the matter for further action in accordance with this opinion.
CONVICTION AFFIRMED; REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] Defendant's motion for appeal was premature when it was filed after conviction and sentence on the offense but before he was adjudicated a multiple offender. However, that procedural defect was cured by the subsequent re-sentencing. State v. Bagemehl, 98-1134 (La.App. 5 Cir. 5/19/99), 737 So.2d 228, 229 n. 1.
[2] Officer Bertucci explained at trial that he did not immediately place defendant under arrest because he wanted to confirm that the vehicle was actually stolen by contacting the agency that had listed the vehicle as stolen.
[3] Ms. Wesley explained at trial that she and the defendant were not actually related but called each other step-siblings because her mother and defendant's father dated for a while.