hTERRI F. LOVE, Judge.
On January 16, 2003, the State filed a bill of information charging Hamilton N. Ferrand with illegal possession of a stolen automobile worth more than $500, in violation of La. R.S. 14:69. At his arraignment on January 23rd he entered a plea of not guilty. However, after trial on March 13th, a six-member jury found Mr. Ferrand guilty as charged. He was sentenced on May 19th to serve two years at hard labor. His motion for an appeal was granted. We affirm for the following reasons.
STATEMENT OF THE FACTS AND PROCEDURAL HISTORY
At trial, Ms. Renette Hall, owner of The Louisiana Weekly, testified that her company owns three vehicles. On December 15, 2002, as she was leaving her place of business about 7:30 p.m., she noticed two company trucks were parked beneath the overhang of the building. One bore a company logo and the other did not. The next morning at 7:45 when she arrived at work; only the truck with the company logo was still parked there. Ms. Hall immediately *324 called her husband and her brother, both of whom work for the paper, to ascertain whether they had given the key to the truck to anyone. When she found that they had not issued the key, she called the police to report the theft. Ms. Hall explained that the trucks are used to maintain the news boxes around the city, and various 1 ¡.tools needed for maintenance are kept in the trucks. Ms. Hall identified the truck in pictures shown to the jury and pointed out that the steering column had been broken in the theft. A flashlight and a bag of equipment, items normally kept in the truck, were on the seat. A coat hanger was also there. Ms. Hall testified that she did not know Mr. Ferrand and never gave him permission to use her company truck. The truck was valued at $4,500.
Officer Jamye Freeman testified that she was on patrol in a marked police car about 1 a.m. on December 17, 2002 when she noticed a parked white truck with its windshield wipers on and its engine running. The door on the driver’s side was ajar. She saw the defendant’s head “pop up over” the truck as she turned into a nearby driveway. Once she began to turn, he started walking away from the truck. She detained him and conducted a field interview. She was suspicious because usually no one is out at that time of the morning in the little strip mall where he was parked. A car was parked next to the truck, and its engine was running and dew was on it. When she looked in the truck and saw the steering column had been broken, she entered the information about the truck in the NCIC computer and found that the truck had been stolen. She arrested the defendant and gave him his Miranda rights. No one else was in the parking lot with the defendant, but he told the officer that another man had been at the scene and left. She testified that the defendant told her he was a mechanic and had driven the truck there to make repairs on the car parked next to the truck.
DISCUSSION
Before addressing the assignment of error, we note an error patent in that the record does not reflect that the trial court ruled on defendant’s motion to reconsider his sentence. When defense counsel made an oral motion to reconsider immediately after sentence was pronounced and stated that a written motion would 13be filed the next day, the trial court did not respond, and there is no indication in the record that the judge granted or denied the written motion to reconsider.
While the failure to rule on a motion to reconsider sentence would preclude review of a defendant’s sentence, defendant here does not seek review of his sentence. Therefore, failure to rule on the motion to reconsider sentence does not preclude review of a defendant’s conviction. State v. Hailey, 2002-1738 (La.App. 4 Cir. 9/17/03), 863 So.2d 564; State v. Foster, 2002-0256, p. 3 (La.App. 4 Cir. 9/11/02), 828 So.2d 72, 74; see also State v. Davis, 2000-0275 (La.App. 4 Cir. 2/14/01), 781 So.2d 633 (conviction affirmed, remanded for ruling on motion to reconsider); State v. Allen, 99-2579 (La.App. 4 Cir. 1/24/01), 781 So.2d 88 (conviction affirmed, remanded for ruling on motion to reconsider).
In a single assignment of error, the defendant argues that the evidence is insufficient to support his conviction. The standard for reviewing a claim of sufficiency of the evidence is well settled.[1] Simply *325 stated, all evidence, direct and circumstantial, must meet the reasonable doubt standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560(1979). See State v. Jacobs, 504 So.2d 817 (La.1987).
14The defendant was convicted under La. R.S. 14:69, which provides in pertinent part:
Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.
The defendant contends that the State failed to prove two elements of the offense: that he had possession of the truck and that he knew the truck had been stolen.
Mr. Ferrand points out that he was never seen inside the truck; he was outside an open door of the vehicle. However, in order to support a conviction for possession of a stolen vehicle, the State is not obligated to prove “actual” possession. Such a conviction may be supported by “constructive” possession, which exists when the item possessed in within the defendant’s dominion or control. State v. Mercadel, 503 So.2d 608 (La.App. 4 Cir. 1987). In Mercadel the defendant was apprehended while standing behind the raised trunk of a stolen car. He dropped a ring of keys, which included the key to the car, and a stereo speaker installed in the trunk on seeing the police officer. Thus, this Court concluded that he was in constructive possession of the trunk and therefore the car itself.
In the case at bar, the défendant was standing in the open door of the driver’s side of a truck with the windshield wipers and the engine running. The vehicle’s steering column was broken. On seeing the marked police car, the defendant began to walk away. Considering the condition of the truck, the defendant’s position in relation to it, and his initial response on seeing the police, we find he had constructive possession of the vehicle.
| RMr. Ferrand next maintains that there was no evidence that he knew the truck was stolen. In State v. Thomas, 2002-1523 (La.App. 4 Cir. 2/5/03), 840 So.2d 25, this Court considered a similar issue. In Thomas, two of the three defendants, convicted of possession of a stolen car, argued on appeal that the evidence was insufficient to prove that they knew the car was stolen. This Court concluded that the driver of the vehicle must have *326 known it was stolen because the steering column was broken and there was no key in the ignition. However, the second defendant was a passenger in the back seat, and this Court held that because there was no other damage to suggest theft, the evidence did not support a finding that she knew or should have know the vehicle was stolen. Similarly in State v. Wilson, 544 So.2d 1300 (La.App. 4 Cir.1989), evidence that the passenger side door lock was popped out and the steering column was broken was sufficient to prove that a passenger in the front seat should have known that the vehicle was stolen.
On the other hand, in State In Interest of H.N., 97-0982 (La.App. 4 Cir. 7/8/98), 717 So.2d 666, the evidence was insufficient to establish that juveniles were guilty of unauthorized use of a movable where there was no damage to the steering column or doors or windows, and a key was in the ignition of the car. Likewise, in State in Interest of O.B., 559 So.2d 31 (La.App. 4 Cir.1990), the State failed to prove that juveniles riding in a stolen car had knowledge of the theft where they were in the back seat and the steering column was broken on the left side and a key was in the ignition.
In the case at bar, the truck’s steering column was obviously broken, no key was in the ignition, and the engine was running. The self-serving story the | (¡defendant told the police officer about another man being present and then suddenly vanishing is unreasonable and suggests guilty knowledge.
CONCLUSION
Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt.
Accordingly, Mr. Ferrand’s conviction is affirmed, and the matter is remanded for a ruling on the motion to reconsider the sentence.
AFFIRMED.

. As we noted in State v. Major, 2002-0133, p. 7 (La.App. 4 Cir. 10/2/02), 829 So.2d 625, 631-32, n. 5:
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, *325 viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Scott, 97-0028 (La.App. 4 Cir. 3/18/98), 709 So.2d 339. However, an appellate court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). An appellate court is not permitted to consider just the evidence most favorable to the prosecution, but it must consider the record as a whole since that is what a rational trier of fact would do. State v. Harge, 98-1321 (La.App. 4 Cir. 2/17/99), 730 So.2d 983. If a rational trier of fact could disagree as to the interpretation of the evidence, the view of the rational trier of fact of all the evidence most favorable to the prosecution must be adopted. The fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall, supra. An appellate court is not called upon to determine if it believes the witnesses or whether the conviction is contrary to the weight of the evidence. State v. Smith, 600 So.2d 1319, 1324 (La.1992).