ON REHEARING

PAUL A. BONIN, Judge.
|,Because on original hearing we found that the failure to submit the trial transcript was not attributable to the defendant, Clifford Pierce, and that without a trial transcript Mr. Pierce’s constitutional right to judicial review of his conviction was rendered meaningless, we vacated his conviction and life without parole sentence, and remanded this matter for a new trial. Before our original decision became final, the prosecution informed us that transcripts of the trial and multiple bill hearing were available and, accordingly, sought rehearing, which we granted.
*5 After the transcripts were submitted, the parties were allowed to supplement their briefs. Because the exhibits from the habitual offender hearing could not be located, the prosecution sought to supplement the record with materials which were related to the habitual offender hearing, which had resulted in the life sentence for illegal possession of an automobile valued at more than five hundred dollars. See former La. R.S. 14:69 B(l) (1999); see also La. R.S. 15:529.1 A(4)(a) and G.
|20n rehearing, Mr. Pierce challenges the sufficiency of the evidence to support a verdict of guilty beyond a reasonable doubt. After our review of the sufficiency of the evidence under the well-known Jackson v. Virginia standard, we find that any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could find that all essential elements of the offense of illegal possession of an automobile valued at more than $500 had been proved beyond a reasonable doubt and, accordingly, affirm Mr. Pierce’s conviction.[1]
Mr. Pierce also challenges his adjudication as a fourth felony-offender and the imposition of the life without parole sentence. Because the prosecution has failed to satisfy us that the materials with which it sought to supplement the record are in fact the evidence submitted at the habitual offender proceeding, and Mr. Pierce has objected to our consideration of the materials, we deny the prosecution’s motion to supplement. And because there is no evidence to support the trial court’s adjudication of Mr. Pierce as an habitual offender, we vacate that adjudication.[2] But we reinstate the sentence of nine years at hard labor, which sentence the trial judge initially imposed and which sentence is not challenged on appeal.
In the following Parts we explain in greater detail our decision.
-hi
In this Part we explain why we find the evidence sufficient to support Mr. Pierce’s conviction. We first review the essential elements of the offense with which he was charged and Mr. Pierce’s stated challenge to the sufficiency as to the essential elements. We then review the facts presented to the jury. And finally we apply the Jackson v. Virginia standard of review to the essential elements and to the facts as they could have been found by any rational trier of fact.
A
Mr. Pierce was convicted of illegal possession of stolen things valued at least $500, as prohibited by La. R.S. 14:69 B(l) (1999), as it existed at the time of the offense. (“Whoever commits the crime of illegal possession of stolen things, when the value of the things is five hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.”) In order to support a conviction for this offense, the prosecution must prove beyond a rea *6 sonable doubt that the property was stolen; the property was worth was least $500; the defendant had possession of the property; and the defendant knew or should have known that it was stolen. State v. Phillips, 04-2005 (La.App. 4 Cir. 5/18/05), 905 So.2d 337.
By his first assignment of error, Mr. Pierce contends that the evidence adduced at trial was insufficient to support his conviction because specifically the prosecution, he argues, failed to show that: (1) he had possession of the car; (2) he knew the car was stolen; and (3) the car’s value was over $500.
B
We turn to an exposition of the facts presented at trial.
_[jP elective Mike Hunter testified that he arrested Mr. Pierce on June 12, 2005. The detective explained that on that date, he and other officers were on patrol in an area that included an apartment complex at 6800 Cindy Place in New Orleans East. He and his partner drove to the northern parking lot of the complex, while other officers drove to the southern lot. Det. Hunter stated that as they neared one of the buildings, they noticed Mr. Pierce sitting in the driver’s seat of a car that was parked next to the building. Det. Hunter and his partner exited their police unit in order to walk through the complex, and as they walked toward Mr. Pierce, he got out of the car and ran through the courtyard of the complex. Det. Hunter, his partner, and the officers on the other side of the complex gave chase and eventually apprehended Mr. Pierce.
The officers returned Mr. Pierce to the car that they had seen him exit. They ran the car’s license plate number and its VIN through the computer and learned that it had been reported stolen. They observed that there were no keys in the car and the ignition column was damaged, but there was no other damage to the ear. Det. Hunter could not remember if the car was running. The officers arrested Mr. Pierce. On cross-examination, Det. Hunter admitted that none of the locks on the car’s doors or trunk had been punched out, and the car did not have any broken windows.
Edward Sens testified that he owned a 2004 Dodge Stratus that was stolen on June 12, 2005. Mr. Sens had parked his car in a parking lot around lunchtime on that date while attending his daughter’s dance recital, and when he returned about 2:00 p.m., his car was gone. He stated that he had had the car approximately a year and a half at the time it was stolen, and that the car was worth several thousand dollars. Later that night, he received a call that the car had been I,^recovered, and he went to the police station in New Orleans East to retrieve the car. As soon as he sat in the driver’s seat, he too observed that the steering column was busted. He stated that the glove compartment was also broken, and there was a hat in the car that did not belong to him. He testified that the damage to the car cost $2,100 to repair, and the repairs took approximately three weeks to complete. He lost the paperwork for the repairs in the aftermath of Hurricane Katrina. He described the car as relatively new and in good condition when it was stolen.
The parties stipulated that the police report did not include any reference to either the broken glove compartment or the hat found in the car.
C[3]
The standard of review for sufficiency of evidence applicable to criminal convictions *7 in state courts is set out in Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). “After Win-ship the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence eould reasonably support a finding of guilt beyond a reasonable doubt.” Id. “But this inquiry does not require a court to ‘ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.’ ” Id. quoting Woodby v. Immigration and Naturalization Service, 385 U.S. 276, 282, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966) (emphasis added by Jackson). “Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Id. (bold emphasis in original); see also Johnson v. Louisiana, 6406 U.S. 356, 362, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), (stating: “Jury verdicts finding guilty beyond a reasonable doubt are regularly sustained even though the evidence was such that the jury would have been justified in having a reasonable doubt.”).
In discharging our review function, we consider “all of the evidence ” before the actual fact-finder. Jackson, 443 U.S. at 319, 99 S.Ct. 2781 (emphasis in original). The United States Supreme Court has explained that the standard of review for sufficiency of evidence is highly deferential to the fact-finder because it “gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.” Id. Thus, when “faced with a record of historical facts that supports conflicting inferences [a reviewing court] must presume — even if it does not appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.” Id. at 326, 99 S.Ct. 2781. “The criterion thus impinges upon ‘jury’ discretion only to the extent necessary to guarantee the fundamental protection of due process of law.” Id. at 319, 99 S.Ct. 2781.
Thus, “[a] reviewing court may impinge on the fact finding function of the jury only to the extent necessary to assure the Jackson standard of review.” State v. Macon, 06-0481, p. 8 (La.6/1/07), 957 So.2d 1280, 1285. “It is not the function of an appellate court to assess credibility or re-weigh the evidence.” Id. at 1286. The Due Process Clause of the Fourteenth Amendment, the source of the Jackson standard, does not countenance, much less require, that we re-weigh testimony and witness credibility. And “[i]n criminal cases [a court of appeal’s] appellate jurisdiction extends only to questions of law.” La. Const, art. V, § 10(B). See also State v. Barthelemy, 09-0391, p. 24 (La.App. 4 Cir. 2/24/10), 32 So.3d 999, 1015.
 |7And “when a conviction is based on circumstantial evidence, such evidence must exclude only every reasonable hypothesis of innocence.” State v. Moore, 11-0025, p. 13 (La.App. 4 Cir. 9/7/11), 75 So.3d 22, 28. See also La. R.S. 15:438 (“assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.”); State v. Camp, 446 So.2d 1207 (La.1984). Thus, if a rational fact-finder reasonably rejects the defendant’s hypothesis of innocence, that hypothesis fails; and, unless another one creates reasonable doubt, the defendant is *8 guilty. See State v. Captville, 448 So.2d 676 (La.1984); State v. Neal, 00-0674, p. 9 (La.6/29/01), 796 So.2d 649, 657, and State v. Brown, 03-0897 (La.4/12/05), 907 So.2d 1.
Therefore, in discharging our review function for sufficiency of evidence, we cannot re-weigh or re-consider reasonable inferences drawn from basic facts to ultimate facts. We must confine ourselves to questions of law except to the extent, and only to the extent, that Jackson mandates otherwise. State v. Gilmore, 10-0059, p. 7 (La.App. 4 Cir. 10/6/10), 50 So.3d 208, 213.
1
Mr. Pierce first argues that the prosecution did not show that he was in possession of the stolen car. He appears to equate possession with active use of the car, given that he argues that there was no testimony that the officers saw him driving the car; that the car was running; or that the hood was warm to the touch. He cites no cases, however, that require actual active use of the car in order to show that he was in possession of it. Indeed, in State v. Mercadel, 503 So.2d 608 (La.App. 4 Cir. 1987), this court found that the defendant was in constructive possession of a stolen auto where he was found behind the raised trunk of the auto, and he dropped a stereo speaker and a key ring that contained a key to the auto. |sHere, the appellant was found sitting inside the car in the driver’s seat of the car. A reasonable inference that he was in possession of the car could have been made by a trier of fact.
2
Mr. Pierce next argues that even if his being in the car constituted possession of it, the evidence did not show that he knew or should have known that the car was stolen. In State v. Ferrand, 03-1746 (La.App. 4 Cir. 1/14/04), 866 So.2d 322, we analyzed four cases involving the same issue. First, we considered State v. Thomas, 02-1523 (La.App. 4 Cir. 2/5/03), 840 So.2d 25, where the defendants argued on appeal that the evidence was insufficient to prove the defendants knew the car was stolen. Ferrand, p. 5, 866 So.2d at 325. We distinguished between “the driver of the vehicle [who] must have known [the car] was stolen because the steering column was broken and there was no key in the ignition,” and a backseat passenger who was unaware of the steering column damage. Id. Secondly, in State v. Wilson, 544 So.2d 1300 (La.App. 4 Cir.1989), we found that “evidence that the passenger side door lock was popped out and the steering column was broken” was sufficient to prove that the passenger in the front seat knew that the car was stolen. Ferrand, p. 5, 866 So.2d at 325.
Conversely, we examined State In Interest of H.N., 97-0982 (La.App. 4 Cir. 7/8/98), 717 So.2d 666, where the evidence was insufficient to find the juveniles delinquent of unauthorized use of a movable “where there was no damage to the steering column or doors or windows, and a key was in the ignition of the car.” Ferrand, p. 5, 866 So.2d at 326. Lastly, in State in Interest of O.B., 559 So.2d 31 (La.App. 4 Cir.1990), we analyzed in a similar fashion that the “State failed to prove that juveniles riding in a stolen car had knowledge of the theft where they |9were in the back seat and the steering column was broken on the left side and a key was in the ignition.” Ferrand, p. 5, 866 So.2d at 326. In Ferrand, we found sufficiency of evidence of knowledge that the steering column was broken; there was no key in the ignition; and the car was running. Id., p. 9, 866 So.2d at 326.
Here, both Det. Hunter and Mr. Sens testified that the car’s ignition column was *9 broken. Mr. Sens also testified that this damage was obvious once he sat in the driver’s seat, which was the seat where Det. Hunter saw the appellant sitting as he and his partner walked toward the car on their way to the courtyard. Mr. Pierce theorizes that this damage was made when the car was towed to the police station, noting that Mr. Sens only saw the damage after the car had been towed. Det. Hunter, however, who saw the car’s condition prior to it being towed, testified that it looked like someone had taken a screwdriver to the ignition column. The prosecution showed that at the time that the appellant was sitting in the car, the damage to the steering column was obvious, thereby giving Mr. Pierce reason to know that the car was stolen.
3
Lastly, Mr. Pierce argues that the prosecution failed to prove that the car’s value was at least $500. This court discussed cases addressing the value element of La. R.S. 14:69 in State v. Phillips, 04-2005, pp. 7-8 (La.App. 4 Cir. 5/18/05), 905 So.2d 337, 341-42. First, we began with State v. Riley, 98-1323 (La.App. 4 Cir. 8/4/99), 744 So.2d 664, and this case showed what is necessary to prove value. Phillips, p. 7, 905 So.2d 337 at 341. In Riley, the “owner testified he purchased the 1987 Oldsmobile in 1996 for $3000, and he described the car as in very good condition. Id. The car was stolen in 1997, and the defendant wrecked it during a chase that led to his apprehension.” Id. We concluded from the evidence that the Imowner’s testimony of the car’s value at the time of purchase and the condition of the car when it was found in the defendant’s possession, although the car was ten years old at the time, was sufficient to prove the car was valued over $500. Id.
Secondly, in State v. Williams, 610 So.2d 129 (La.1992), testimony related that the victim purchased her vehicle for $25,000 ten years before it was stolen. Phillips, p. 7, 905 So.2d at 341. Testimony also showed that the victim intended to replace the vehicle because of maintenance problems. Id., 905 So.2d at 342. In this case, the defendant was found in the car and subsequently convicted of illegal possession of stolen property valued over $500. Id. On appeal the defendant argued that:
the State failed to prove the value of the car at the time the defendant was found in possession of it. This Court agreed and reversed the defendant’s conviction and sentence, entering a verdict of acquittal. State v. Williams, 598 So.2d 1265 (La.App. 4 Cir.1992). On writ application, the Supreme Court found that this Court erred by acquitting the defendant, finding that the car had some value, and it entered a verdict of guilty of illegal possession of stolen property valued less than $100 and remanded for resentencing.

Id.

Third, we analyzed State v. Moses, 01-0909 (La.App. 4 Cir. 12/27/01), 806 So.2d 83, a case in which “the owner of the stolen truck testified that he purchased the truck in 1992 for $18,000 to $19,000, five and a half’years prior to the day the defendant was found in possession of it.” Phillips, p. 7, 905 So.2d at 342. The State offered photographs of the truck, but these photographs were taken only after the truck was recovered. Id. Other than these photographs, the State did not bring forth evidence of the condition of the truck on the particular date that the defendant was found to be in possession. Id. Even so, we “reviewed the photographs and 1 n determined that the truck’s condition was such that the jury could have found that the truck was worth at least $500.” Id.
*10 Fourth, we referred to State in Interest of B.J., 617 So.2d 238 (La.App. 5 Cir.1993), where even though there was “no testimony as to the actual value of the stolen automobile,” the defendant was convicted of possessing a stolen vehicle valued at $500 or more. Phillips, p. 7, 905 So.2d at 342. On review, the appellate court analyzed the type, age, and condition of the vehicle to find that it could value the vehicle at “greater than $100 but less than $500.” Id.
This Court’s last example, State v. Hoskin, 605 So.2d 650 (La.App. 4 Cir.1992), gave an analysis of sufficient evidence of value to support a conviction. Phillips, p. 7, 905 So.2d at 342. The victim’s testimony revealed that the car was six years old at the time it was stolen, was without damage, and was in good working condition. Id. In that case, the “defendant crashed the car just prior to being apprehended, and the victim testified it cost $3000 to repair the car after he got it back.” Id. We affirmed the defendant’s conviction because we found that the evidence sufficiently proved that the car was valued over $500. Id.
In Phillips, there was no testimony or evidence as to the value of the stolen automobile. Id., p. 14, 905 So.2d at 342. This court vacated the defendant’s conviction for possession of stolen property valued over $500 and entered a conviction for possession of stolen property valued under $100, the lowest grade of the offense. Id., p. 15.
Here, although the owner did not give a specific dollar value to the car, he testified that he had had the car only a year and a half before it was stolen. He testified that the car was in excellent condition, and he estimated that it was worth several thousand dollars, explicitly testifying that it was worth more than $500. In 112addition, the owner testified that the repairs alone to the damage sustained in the car totaled $2,100.
Mr. Pierce maintains that the evidence of the value was insufficient because the State failed to present any photographs of the car. He further asserts that the owner’s testimony concerning the value of the repairs was unbelievable, given the fact that the State did not introduce any photographs to document the damage. The owner testified, however, as to the cost of the repairs, and there was no evidence to dispute this testimony. As noted by us in State v. Jones, 11-0649, p. 3 (La.App. 4 Cir. 10/19/11), 76 So.3d 608, 611: “In the absence of internal contradiction or irreconcilable conflict with the physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient to support a factual conclusion. State v. Robinson, 02-1869, p. 16 (La.4/14/04), 874 So.2d 66, 79. Under the Jackson standard, the rational credibility determinations of the trier of fact are not to be second guessed by a reviewing court. State v. Juluke, 98-341 (La.1/8/99), 725 So.2d 1291, 1293.” In addition, a fact finder’s credibility determination is entitled to great weight and should not be disturbed unless it is contrary to the evidence. State v. Johnson, 09-0259 (La.App. 4 Cir. 9/16/09), 22 So.3d 205; State v. Huckabay, 00-1082 (La.App. 4 Cir. 2/6/02), 809 So.2d 1093. Here, Mr. Sens’ testimony established that the value of the car was over $500, and there was nothing in the record to show that a jury’s credibility determination as to the owner’s testimony would be unreasonable or contrary to the evidence.
In conclusion, any rational trier of fact viewing all the evidence in the light most favorable to the prosecution could have concluded that the prosecution proved beyond a reasonable doubt that the car was stolen; that the value of the car was at least $500; that the defendant was in pos *11 session of the car; and that the |, ¡¡defendant should have known that the car was stolen. Thus, the evidence was sufficient to support the jury’s verdict.
II
In this Part we consider Mr. Pierce’s second and third assignments of error, which are related, and pertain to the evidence introduced during the habitual offender proceedings as well as the prosecution’s motion to supplement the record.
In his second assignment, he contends that he has been denied his right to a meaningful review of his adjudication and sentencing as a fourth offender because the exhibits introduced during the hearing cannot be found in either the property room or in the district court record. In his third assignment, he asserts that the record fails to prove that he was a fourth felony-offender. Initially, Mr. Pierce moved for supplementation of the record with the actual multiple bill exhibits, but ultimately these exhibits were not found. In response, the prosecution filed a motion to supplement the record with what it claims are copies of the documents introduced at the multiple bill hearing, which motion Mr. Pierce opposed.
The multiple bill charged Mr. Pierce with having three prior convictions. While it appears that the documents attached to the prosecution’s motion with respect to two of them may well be copies of the same documents introduced at the multiple bill hearing, it is clear that the materials related to the predicate case in number 449-267, which the prosecution introduced at the hearing, contained among other things the docket master and the waiver of rights form in that case. The documents that the prosecution attaches to its motion, however, do not include either of these items. Instead, the motion contains the docket master from the magistrate case (430-816) and the arrest registers for that case.
| ^Moreover, we cannot ascertain whether the items attached to the motion to supplement are certified copies that bear the date of the multiple bill hearing (or a date just prior to the hearing) in this case, or if they are dated sometime after the hearing. Thus, it appears that the documents that the prosecution seeks to introduce with respect to assignments two and three are not the same ones that were introduced at the multiple bill hearing, and we therefore deny the prosecution’s motion to supplement.
“No person shall be subjected to imprisonment ... without the right of judicial review based upon a complete record of all evidence upon which the judgment is based.” La. Const, art. I, § 19. A defendant has an absolute right to appeal a felony conviction. La. Const, art. V, § 5(D). In State v. Santee, 02-0693 (La.App. 4 Cir. 12/4/02), 834 So.2d 533, the defendant argued that his right to a meaningful review of his multiple bill adjudication was denied because the exhibits from the hearing were unavailable. Id., p. 7, 834 So.2d at 536. We agreed, noting that the defendant had disputed his identity at the hearing. Id., p. 8. We found that without these exhibits, we could not review the defendant’s identity claim, and we vacated the defendant’s adjudication and sentence and remanded the case for a new hearing. Id. This court followed Santee in State v. Hart, 10-1614 (La.App. 4 Cir. 11/2/11), 80 So.3d 25, where the multiple bill exhibits were missing, and the defendant had disputed his identity at the hearing.
Because Mr. Pierce’s right to a meaningful review of his multiple bill adjudication cannot be afforded him, we vacate his adjudication and life without parole sentence as a fourth felony-offender.
*12 We, however, reinstate the original sentence of nine years imprisonment at hard labor.
11fiDECREE
The conviction of Clifford Pierce for possession of a stolen thing valued at more than $500, a violation of former La. R.S. 14: 69 B(l) (1999) is affirmed because the evidence was sufficient to support the conviction. The prosecution’s motion to supplement the record is denied. The adjudication of Clifford Pierce as a fourth felony-offender and his life without parole sentence is vacated. The original sentence of nine years at hard labor is reinstated.
CONVICTION AFFIRMED; MOTION TO SUPPLEMENT DENIED; HABITUAL OFFENDER ADJUDICATION AND SENTENCE VACATED, AND ORIGINAL SENTENCE REINSTATED

. We have reviewed the record for errors patent and have found none. See La.C.Cr.P. art. 920(2). Although there was no evidence that the court ruled on Mr. Pierce’s motions for new trial and post-verdict judgment of acquittal, they were not filed before sentencing as required by La.C.Cr.P. arts. 853 and 821. In addition, the court did not rule on his motion to reconsider sentence, but this is moot in light of our vacating his habitual offender adjudication.

. This ruling is without prejudice to the prosecution’s right to re-file habitual offender proceedings. See La. R.S. 15:529.1 D(l)(a). Also, in the event of such proceedings, Mr. Pierce would be entitled to appeal any subsequent sentence imposed.

. This same discussion of the standard of review is substantially found at State v. Fonte- *7 not, 11-0742, pp. 5-7 (La.App. 4 Cir. 2/22/12), 87 So.3d 154, 157-58.